FILED
2022 FEB 28 PM 3:31
US DISTRICT COURT
ORLANDO, FLORIDA

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

BOBBY M. KEMP
Plaintiff

6:22-cv-433-RBD-LHP

V.

META PLATFORMS, INC. et al.
Defendant

_____/

CIVIL TORT FOR PERSONAL INJURY FOR VIOLATION OF 18 U.S.C. § 2511 INTERCEPTION AND DISCLOSURE OF ELECTRONIC COMMUNICATION, 18 U.S.C. § 1030 FRAUD AND RELATED ACTIVITY IN CONNECTION WITH COMPUTERS, FLORIDA STATUTE § 934.03 INTERCEPTION AND DISCLOSURE OF ELECTRONIC COMMUNICATION PROHIBITED, FLORIDA STATUTE § 501.201 et seq. FDUTPA

COMES NOW, the Plaintiff, pro se and in forma pauperis and files this Civil Tort For Personal Injury in the above style cause for loss of privacy caused by the Defendants Photo tagging facial recognition system's interception, storage, and disclosure of the Plaintiffs Bio-Information.

The Plaintiff in this case seeks compensatory damages in the amount of One hundred thousand dollars for the following Counts:

COUNT 1: When Meta Platforms Inc (formerly Facebook) stored the plaintiffs Profile, no consent was given by the Plaintiff for the Defendant to store Bio-Information belonging to the plaintiff such as Computer recognizable Facial Profile, finger print, retina scan etc., This Constitutes a violation of 18 U.S.C. § 1030(a)(2) by the Defendants intentionally exceeding authorized access to the Plaintiffs Computer (Samsung S20+), violation of 18 U.S.C. § 2511 Intercepting the Plaintiffs electronic communication, a violation of Fla. Stat. § 934.03 Interception and Disclosure of the Plaintiffs electronic communication.

The Bio-Information is the Plaintiffs electronic data taken from photographs uploaded to the Meta platform for his profile. By receiving and storing this data Meta Intercepted an electronic communication and exceeded its authorized access to the Plaintiffs Computer. These events occurred from 2015 to present in Orange County Florida

COUNT 2: When Meta Platforms shared the Plaintiff's Bio-Information with others the Defendant violated 18 U.S.C. § 2511 by disclosing the Plaintiff's intercepted electronic communication and Fla. Stat § 934.03 by disclosing the Plaintiff's intercepted electronic communication, as well as being a violation of FDUTPA Fla. Stat. § 501.201 et seq.

By using data taken from an intercepted communication the Defendant's sharing of the Plaintiff's Bio-Information with other Companies, Apps, and People not only disclosed the Plaintiff's intercepted electronic communication it did so for the use of a deceptive trade practice.

COUNT 3: When Meta Platforms trained its Artificle Intelligence Mechanisms with the Plaintiffs Photo taggings of other's and himself in photos uploaded to its Platform the Defendant violated Fla. Stat. § 501.201 et seq.

The use of the Plaintiffs actions to intercept other's and his Bio-Information is a use of deceptive trade practice.

Meta Platforms, Inc is a Multi-national Conglomerate with substantial business in every state. The Plaintiff seeks this Courts Jurisdiction pursuant to Fed. R. Civ. P. 4(e) using Fla. Stat. Ch. 48.193(1)(a) the Defendant conducted and engaged in business in Florida and 28 U.S.C. § 1391(b)(2) due to the Plaintiff living in the district during the time, which substantial part of the events occurred giving rise to the claim.

WHEREFORE, the Plaintiff prays this Honorable Court by its Order Move the Defendant to pay the Plaintiff One hundred thousand dollars in Compensatory damages.

Date 02/22/2022

GARY CASHWELL
NOTARY PUBLIC
STATE OF FLORIDA
NO. HH198502
MY COMMISSION EXPIRES NOV. 15, 20

STATE OF FLORIDA
COUNTY OF Okeechobee

The foregoing instrument was acknowledged before me this 2/22/22 (date), by Bobby Kemp (name), who is personally known to me or who has produced Booking Photo (type of identification) as identification.

Notary Public

My Commission Expires: 11/25/25

Printed Name: Gary Cashwell

Commission #: HH198502